■ CFJ Associates of New York, Inc., Respondent, v Hanson Industries et al., Appellants. [688 NYS2d 836] —Mikoll, J. P. Appeal from an order of the Supreme Court (Coutant, J.), entered January 26, 1998 in Broome County, which, *inter alia*, denied defendants' motion for partial summary judgment dismissing the first, second and fourth causes of action of the complaint.

On April 26, 1994, plaintiff contracted with defendant Endicott Johnson Corporation (hereinafter EJ) for the purchase of real property located in Broome County in connection with its plans for the construction of an outlet mall. This dispute centers upon the parties' rights and obligations under those contractual provisions relating to environmental review and cleanup, and the cost associated therewith, summarized as follows. Within 90 days of the contract's execution, EJ was to direct its environmental consultant to provide plaintiff with a "Phase II Site Assessment Report" (hereinafter Phase II report) and cleanup cost estimate, if any. If the cleanup cost estimate was less than $1 million, EJ would be responsible for the total cost even if the cleanup cost ultimately exceeded $1 million. If the cleanup cost estimate exceeded $1 million, EJ had the right to terminate the contract by giving plaintiff written notice within 10 days of its receipt of the estimate. Plaintiff would then have the option to reinstate the contract upon agreeing to assume liability for all cleanup costs in excess of $1 million. In the event that plaintiff disputed the sufficiency of the cleanup plan or estimate, it was required to serve EJ with detailed notice of its objections within 30 days of its receipt thereof.

On March 12, 1996, EJ delivered a Phase II report which, according to plaintiff, made reference to, but did not include, a cleanup cost estimate.* Based upon subsequent developments, plaintiff believes that this estimate, reflecting a total less than $1 million, was in EJ's possession on and before March 12, 1996 and was deliberately withheld by defendants. On February 27, 1997, EJ simultaneously delivered a Phase II report which contained a cleanup cost estimate of $1,321,850 and a contract termination notice. Plaintiff did not serve a reinstatement notice as prescribed by the contract or object to the sufficiency of the report and estimate. Rather, alleging that defendants fraudulently inflated the original cleanup cost estimate (allegedly under $1 million) so as to limit its liability

---

* The Phase II report received by plaintiff on March 12, 1996 is not part of the record on appeal. Plaintiff alleges, however, that this report stated that the cost estimate was included in Table 19, which was not included in the report given to plaintiff.

for such costs to $1 million, it commenced this action seeking, *inter alia*, specific performance, damages for breach of contract and a permanent injunction. Plaintiff also filed a notice of pendency with respect to the subject property, and moved for a preliminary injunction preventing defendants from treating the contract as terminated or transferring the property and tolling plaintiff's time to serve a reinstatement notice under the contract. Supreme Court denied the relief and granted plaintiff 20 days from the date of service of the order to serve its reinstatement notice. Plaintiff's subsequent application for a stay, preliminary injunction and reconsideration of its prior motion was denied by Supreme Court. By order dated August 6, 1997, we denied plaintiff's motion for a preliminary injunction and stay pending appeal, and directed that the time within which plaintiff may serve a reinstatement notice be extended to 20 days from the date of our order.

Defendants thereafter moved for partial summary judgment dismissing the causes of action for specific performance and injunctive relief on the ground that plaintiff, by not serving a reinstatement notice within the requisite time period, failed to comply with a condition precedent of the contract and thereby waived its right to specific performance and injunctive relief. Defendants also sought cancellation of the notice of pendency. Plaintiff opposed the motion and cross-moved for leave to amend its complaint to add causes of action for fraudulent misrepresentation, tortious interference with the contract and with prospective contractual relations. Supreme Court denied defendants' motion in its entirety and granted plaintiff's motion to the extent of authorizing the addition of a cause of action for tortious interference with contractual relations. Defendants appeal.

Supreme Court properly denied defendants' motion for summary judgment, as there are a number of unresolved factual issues which impact upon the parties' respective claims. Although defendants insist that plaintiff's failure to serve a reinstatement notice is fatal to the challenged causes of action, as Supreme Court trenchantly observed, acceptance of this argument entails determination of one of the ultimate issues in the action, i.e., whether defendants' termination of the contract was valid. Plaintiff maintains that EJ waived any right to terminate the contract on the stated basis by failing to provide a Phase II report within 90 days of the execution of the contract or, in any event, by failing to serve a notice of termination within 10 days of its receipt of the cleanup cost estimate on March 11, 1996. Defendants, on the other hand, insist that

the estimate was not in their possession until February 20, 1997, and that notice of termination was timely served. Clearly, resolution of these factual disputes must precede determination of the parties' obligations under the contract. Also, contrary to defendants' assertions, there has been no prior finding that defendants properly terminated the contract, or any court-ordered directive that plaintiff serve a reinstatement notice. Prior orders extended the time within which plaintiff was permitted, but not necessarily required, to file such a notice.

Further, although the contract expressly provided that EJ, as seller of the subject property, "is, and at [c]losing shall be, the sole owner in fee simple of the [p]roperty and shall not have assigned, pledged, leased, transferred or otherwise encumbered its interest therein", it is uncontroverted that on September 25, 1996, EJ transferred the subject property to defendant MHC, Inc. Plaintiff alleges that this transfer constituted a breach of contract and that the termination notice, sent by MHC rather than EJ, was inoperative to either terminate the contract or trigger plaintiff's obligation to serve a reinstatement notice. Defendants take the position that this transfer represented only a technical change in the form of ownership as part of a corporate restructuring, which did not breach the contract since MHC remained at all times ready, willing and able to perform thereunder, and which was, in any event, implicitly waived by plaintiff's seeking specific performance of the contract and joining MHC as a party defendant. Notably, little or no discovery has yet been conducted and Supreme Court was thus unable to resolve, as a matter of law, the effect of this transfer upon the parties' rights and obligations under the contract.

Supreme Court also properly declined to cancel plaintiff's notice of pendency. Cancellation is mandatory where the action has been "settled, discontinued or abated" (CPLR 6514 [a]) and permissible where an action has not been "commenced or prosecuted * * * in good faith" (CPLR 6514 [b]). Neither provision has application here.

Nor do we find merit in defendants' contention that Supreme Court erred in permitting plaintiff to amend its complaint by adding a cause of action for tortious interference with contractual relations. Leave to amend a pleading should be freely given (CPLR 3025 [b]) in the sound discretion of the trial court (see, *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959; *Murray v City of New York*, 43 NY2d 400, 404-405). The trial court is obliged to satisfy itself that the proposed claim has merit, and while an attorney's affidavit made without

personal knowledge of the salient facts, such as was submitted in support of plaintiff's cross motion, is ordinarily insufficient for this evidentiary showing (*see, Mathiesen v Mead*, 168 AD2d 736, 737; *Cushman & Wakefield v John David, Inc.*, 25 AD2d 133, 135), we recognize that based on the totality of the record before it, including affidavits of those with personal knowledge of the relevant facts, Supreme Court was able to make the requisite threshold evaluation of the merits of the proposed amendment.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.