■ ESTATE OF DOMINIC VITALE, Appellant, v EVENTQUEST, INC., et al., Defendants, and ALICE TURNER, Respondent. [832 NYS2d 37]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered November 22, 2005, which, in an action for sexual harassment and retaliation, insofar as appealed from, conditioned the grant of plaintiff estate's motion for leave to amend the complaint on plaintiff's payment of defendant-respondent's legal fees incurred in connection with the parties' discovery dispute, unanimously reversed, on the facts, without costs, and the motion granted unconditionally.

As described by the motion court, plaintiff's admitted motive for seeking to amend the complaint so as to withdraw all claims for its decedent's emotional distress, leaving only claims for back pay and certain employment benefits, is "solely to avoid having to comply" with prior court orders compelling plaintiff's production of authorizations for the decedent's autopsy report and medical records, including records relating to treatment for drug abuse and mental illness. While the motion court correctly found that the amendment would not hinder defendant's preparation of her case or otherwise cause her some cognizable prejudice that could have been avoided had plaintiff not interposed, or earlier sought to withdraw, the claim for emotional distress (*see Valdes v Marbrose Realty*, 289 AD2d 28, 29 [2001]), it improperly conditioned leave on plaintiff's payment of the reasonable attorneys' fees incurred by defendant in seeking the authorizations. Plaintiff alleges that its decedent was harassed by the individual defendant for 10 of the 12 months he was employed by the latter's corporate codefendants, who have settled. Its original opposition to defendant's demand for the authorizations was that nothing in the record showed any relationship between its "garden variety" claim for distress, anxiety and insomnia and any purported substance abuse and mental illness that defendant was seeking to confirm in its wide-ranging demand for seven years of the decedent's medical history and the autopsy report. This was legitimate advocacy that generated conflicting affidavits regarding the decedent's physical and mental condition, job performance and use of drugs, and defendant's perception and knowledge thereof, that might still be germane, even after withdrawal of the emotional distress claim, should defendant continue to argue, as it consistently has, that the disclosure it seeks is relevant not only to any claim for emotional distress but also to the merits, i.e., to the decedent's job performance and the reasons why his employment ended. While the denial of plaintiff's prior motion for a protective order established that the records sought were discoverable in the context of plaintiff's claim for emotional distress, there has been no ruling yet on whether such records are discoverable in the context of the merits, and it appears that defendant intended to continue to seek the authorizations regardless of whether the amendment was allowed.

On balance, the condition imposed undermines public policy liberally allowing amendment in the absence of prejudice (*see Thompson v Cooper*, 24 AD3d 203, 205 [2005]), conveys the appearance, to be avoided, that plaintiff is being punished for pursuing its legal rights (*cf. Block v Block*, 296 AD2d 343, 344-345 [2002]), and is not just (CPLR 3025 [b]). Concur—Tom, J.P., Sullivan, Williams, Buckley and Malone, JJ.