■ Steven Paolucci, Respondent-Appellant, v Dennis Mauro et al., Appellants-Respondents. [903 NYS2d 584]—

Garry, J. Cross appeals from an order of the Supreme Court (McNamara, J.), entered March 20, 2009 in Albany County, which, among other things, denied defendants' motions for summary judgment dismissing the complaint.

In 2002, defendants Dennis Mauro and Aaron Wagner formed A&D Properties, a general partnership organized for the purpose of dealing in and developing real property. In early 2004, plaintiff, Mauro, and Kevin Dailey, an attorney who had previously represented plaintiff, allegedly discussed A&D's need for additional partners or investors to finance its exercise of an option it had acquired to purchase real property in the Town of Halfmoon, Saratoga County. Thereafter, A&D exercised the option, allegedly on the strength of plaintiff's financial assurances, and retained Dailey as its attorney.* In May 2004, plaintiff joined A&D as a partner with a one-third interest. Shortly thereafter, he and the other partners signed and personally guaranteed an agreement to indemnify the seller of the property from any claims by another potential purchaser, as well as a partnership resolution that provided, among other things, that after the closing on the real property transaction, Wagner would sell his partnership interest to the other two partners. In June 2004, A&D executed a contract of sale for the purchase of the property. Plaintiff alleges that he was not involved in negotiations to complete the purchase thereafter, but remained willing and able to contribute financially to the transaction, although financial assistance from a third-party investor he had sought to bring into the venture did not materialize. On August 5, 2004, the seller signed a warranty deed conveying the property to plaintiff,

---

* Dailey avers by affidavit that he acted as counsel for both A&D and defendant Boni Enterprises, LLC at times relevant to the action, but that the representation "did not overlap at any time where the entities had potentially conflicting interests."

Wagner, and Mauro as partners in A&D. Later that month, plaintiff signed documents prepared by Dailey that effected his withdrawal from the partnership without compensation. Several days thereafter, A&D closed on the purchase of the property, and resold it that same day to defendant Boni Enterprises, LLC.

Plaintiff alleges that when he withdrew from the partnership he did not know that the deed had been signed or that a closing and sale to Boni were scheduled. He asserts that Mauro and Wagner concealed this information from him and that Dailey, acting as agent for Mauro, Wagner, and Boni, induced him to withdraw from the partnership by misleading him to believe that the transaction had failed. Plaintiff further alleges that Boni funded A&D's acquisition of the property and aided and abetted A&D in procuring his withdrawal from the partnership so that Boni could then purchase the property at a lower price. In August 2008, he commenced this action alleging that Mauro and Wagner breached their fiduciary duties to him as partners and that Boni aided and abetted the breach. Following joinder of issue, defendants moved for summary judgment dismissing the complaint, asserting primarily that plaintiff's claims were time-barred. Plaintiff opposed the motions and cross-moved for, among other things, leave to file an amended complaint. Supreme Court denied defendants' motions and granted plaintiff's cross motion to amend the complaint, conditioning leave to amend on plaintiff's payment to defendants of the reasonable costs and counsel fees incurred in making their motions. The parties now cross-appeal.

Leave to amend pleadings is freely granted (see CPLR 3025 [b]) so long as " 'there is no prejudice to the nonmoving party and the amendment is not plainly lacking in merit' " (*Shelton v New York State Liq. Auth.*, 61 AD3d 1145, 1149 [2009], quoting *Smith v Haggerty*, 16 AD3d 967, 967-968 [2005]). Defendants contend that the amendment lacks merit as the action is time-barred by the three-year statute of limitations applicable to claims for injury to property (see CPLR 214 [4]). The applicable statute of limitations for breach of fiduciary duty varies, however (see generally *IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 139-140 [2009]). We agree with Supreme Court that as plaintiff's claim for breach of fiduciary duty is based on allegations of fraud, the six-year limitations period of CPLR 213 (8) applies (see *IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d at 139; *Kaufman v Cohen*, 307 AD2d 113, 119 [2003]).

The six-year limitations period applies to a claim for breach of

fiduciary duty only when the fraud allegations are " 'essential to the cause of action pleaded' " (*Kaufman v Cohen*, 307 AD2d at 119, quoting *Powers Mercantile Corp. v Feinberg*, 109 AD2d 117, 120 [1985], *affd* 67 NY2d 981 [1986]) and when "there would be no injury but for the fraud" (*New York Seven-Up Bottling Co. v Dow Chem. Co.*, 96 AD2d 1051, 1052-1053 [1983], *affd* 61 NY2d 828 [1984]; *see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d at 139-140). To establish fraud, a plaintiff must demonstrate that the defendant "knowingly misrepresented a material fact for the purpose of inducing reliance upon it, that there was, in fact, justifiable reliance thereon, and that damages resulted" (*Dube-Forman v D'Agostino*, 61 AD3d 1255, 1257 [2009]; *see Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 488 [2007]). Fraud may also result from a fiduciary's failure to disclose material facts when the fiduciary had a duty to disclose and acted with the intent to deceive (*see Kaufman v Cohen*, 307 AD2d at 119-120; *Callahan v Callahan*, 127 AD2d 298, 300 [1987]). The foundation of plaintiff's original claim was that Mauro and Wagner, aided and abetted by Boni, used "trickery, deceit, and lack of candor" to procure his withdrawal from the partnership. These allegations were necessarily premised on his justifiable reliance on the material omissions allegedly made by his partners and the misrepresentations allegedly made by Dailey, his former attorney, acting as defendants' agent. While the initial complaint did not use the word "fraud" in describing these events, we are to "look for the reality, and the essence of the action and not its mere name" (*Brick v Cohn-Hall-Marx Co.*, 276 NY 259, 264 [1937]). Reading the complaint fairly as a whole, plaintiff's claims of breach of fiduciary duty by Mauro and Wagner and of aiding and abetting the breach by Boni are based on fraud, and thus are not time-barred.

Defendants further contend that the amendment lacks merit due to plaintiff's failure to allege the elements of fraud with sufficient specificity, as CPLR 3016 (b) requires that "the circumstances constituting the wrong shall be stated in detail." We disagree, noting that "[i]t is impossible to state in detail the circumstances constituting fraud when those circumstances are peculiarly within the knowledge of the party moving for summary relief" (*P.S. Auctions v Exchange Mut. Ins. Co.*, 105 AD2d 473, 475 [1984]; *see Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d 187, 194 [1968]). In a case such as this, the specificity requirement is not to be so strictly interpreted " 'as to prevent an otherwise valid cause of action' " (*Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 491 [2008], quoting *Lanzi v Brooks*, 43 NY2d 778, 780 [1977]). The heart of plaintiff's complaint is his claim that factual details about the venture

were within defendants' knowledge and withheld from him. Notably, plaintiff's proposed amended complaint seeks, in part, to correct and amplify the original allegations with details learned following the filing of the original complaint; for example, he seeks to correct his original claim that A&D's purchase transaction closed on August 4, 2004 to instead allege that the transaction actually closed after he had withdrawn from the partnership—as he learned upon defendants' response to his complaint. Moreover, no discovery has yet taken place; plaintiff moved to amend just five months after filing the action. Where material facts are exclusively within the knowledge of those charged with fraud, "it would work a potentially unnecessary injustice to dismiss a case at an early stage where any pleading deficiency might be cured later in the proceedings" (*Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d at 491-492). Here, the alleged misconduct was set forth "in sufficient detail to clearly inform [defendants] with respect to the incidents complained of" (*Lanzi v Brooks*, 43 NY2d at 780) and the factual allegations "are sufficient to permit a reasonable inference of the alleged conduct" (*Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d at 492; *see Polonetsky v Better Homes Depot*, 97 NY2d 46, 55 [2001]). Thus, the requirements of CPLR 3016 (b) were met.

Defendants' version of events differs substantially from plaintiff's. The parties' competing claims as to plaintiff's contributions to the partnership, his knowledge and expectations when he withdrew, Dailey's role in the transactions, and the extent of Boni's knowledge of A&D's affairs distill to material disputes of fact that, while supporting the denial of defendants' summary judgment motions, do not preclude the proposed amendment. The court's "threshold evaluation" (*CFJ Assoc. of N.Y. v Hanson Indus.*, 260 AD2d 917, 920 [1999]) of the merits of the proposed amendment is not to be used as a pretext for trying the claim (*see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:11). Plaintiff met his burden to support his proposed amendment with an evidentiary showing of the prima facie basis for his claim that consisted of more than conclusory allegations (*see Curtin v Community Health Plan*, 276 AD2d 884, 886 [2000]; *Pettengill v Sissman*, 267 AD2d 767, 768 [1999]) and, thus, Supreme Court did not abuse its discretion in permitting the amendment.

As to the imposition of costs and fees, leave to amend pleadings may be conditioned "upon such terms as may be just including the granting of costs" (CPLR 3025 [b]). However, any appearance that a party is being punished for asserting his or her legal rights should be avoided, especially where, as here, the

amendment causes no delay or prejudice to the nonmoving party (*see Estate of Vitale v Eventquest, Inc.*, 38 AD3d 330, 331 [2007]). The proposed amendments did not substantially change the fundamental nature of the original claim and, as noted, resulted in part from information that plaintiff acquired only as a result of the initial filing. Moreover, defendants were unsuccessful in moving for summary judgment. For these reasons, we exercise our discretion to reverse so much of the order as directed the payment of costs and counsel fees as a condition of granting plaintiff's cross motion (*see Whiteman Osterman & Hanna, LLP v Albany-Troy Neurosurgical Assoc.*, 50 AD3d 1305, 1305 [2008]).

Cardona, P.J., Mercure, Peters and Kavanagh, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as directed plaintiff to pay costs and counsel fees incurred by defendants in filing their motions for summary judgment, and, as so modified, affirmed.