■ ELHANNON, LLC, Appellant, v BRENDA J. DELUCA TRUST et al., Respondents. [969 NYS2d 598]—

Stein, J. Appeal from an order of the Supreme Court (McDonough, J.), entered October 10, 2012 in Albany County, which granted defendants' motion to dismiss the complaint.

Plaintiff entered into a contract with defendant Brenda J. DeLuca Trust in September 2005 to perform landscaping services in conjunction with the construction of a custom home in the Town of Guilderland, Albany County. After disputes arose between the parties regarding payment and other issues, the parties exchanged written communications which, among other things, alleged that each was in breach of the contract. As pertinent here, plaintiff commenced the instant action in October 2011, alleging that defendants had fraudulently induced it into entering into the contract by falsely representing that Land Design Studio, LLC would serve as project architect to oversee plaintiff's work. Defendants moved to dismiss the complaint pursuant to CPLR 3211 on several grounds, including that it was time-barred and that a defense was founded on documentary evidence. Supreme Court treated the motion as one for summary judgment and dismissed the action as barred by the statute of limitations. On plaintiff's appeal, we now affirm.

Initially, we agree with plaintiff that Supreme Court erred in treating defendants' motion as one for summary judgment. To properly do so, the court must give prior notice to the parties or, through their submissions, the parties themselves must demon-

strate an intent to "deliberately chart[ ] a summary judgment course" (*Pilatich v Town of New Baltimore*, 100 AD3d 1248, 1250 [2012] [internal quotation marks and citations omitted]; *see Yule v New York Chiropractic Coll.*, 43 AD3d 540, 541-542 [2007]). Here, the record does not demonstrate, and neither party contends, that the court provided notice of its intent to treat defendants' motion as one for summary judgment and, inasmuch as plaintiff was not afforded discovery in this action, we agree that plaintiff did not evince an intent to have the motion treated as such (*see Henbest & Morrisey v W.H. Ins. Agency*, 259 AD2d 829, 830 [1999]).

Nonetheless, upon examination of the record, we conclude that defendants are entitled to dismissal of plaintiff's action as untimely. An action alleging fraud must be commenced within six years of the date the fraud occurred or within two years from the time that the plaintiff discovered the fraud or could have done so with reasonable diligence (*see* CPLR 213 [8]; *Sargiss v Magarelli*, 12 NY3d 527, 532 [2009]; *US Bank N.A. v Gestetner*, 103 AD3d 962, 963 [2013]). The question as to whether a plaintiff could have discovered the fraud turns on whether he or she was " 'possessed of knowledge of facts from which [the fraud] could be reasonably inferred' " (*Sargiss v Magarelli*, 12 NY3d at 532, quoting *Erbe v Lincoln Rochester Trust Co.*, 3 NY2d 321, 326 [1957]; *see Vilsack v Meyer*, 96 AD3d 827, 828 [2012]).

Here, plaintiff concedes that the six-year limitations period had lapsed, but contends that the action was commenced within the alternative two-year period because it did not discover, and could not have discovered, that defendants never intended to use Land Design to administer the parties' agreement until defendants allegedly admitted as much in depositions taken in August 2011 in connection with a separate proceeding.* However, plaintiff's contention is flatly contradicted by two letters it sent to defendants in November 2005. In the first letter, plaintiff noted that "[a]bsent an architect, [the project manager] has been playing that role." In the second letter, plaintiff asserted that "[the Trust] induced us into signing the contract under the false pretense that [the Trust] hired an Architect to perform the critical contractual role in our contract." Regard-

---

* Prior to the commencement of the instant action, plaintiff filed a demand for arbitration of its claims against defendants, prompting defendants to commence a proceeding pursuant to CPLR 7503 seeking a permanent stay. Supreme Court's order and judgment granting defendants' application in that proceeding is the subject of a separate appeal before this Court (*Matter of Brenda DeLuca Trust [Elhannon, LLC]*, 108 AD3d 902 [2013] [decided herewith]).

less of whether plaintiff's allegations could ultimately have been proven, these letters unequivocally establish that plaintiff was possessed of facts in November 2005 that put it on notice of a potential fraud claim and, consequently, the commencement of this action in October 2011 was untimely (*see Fitzgerald v Fitzgerald*, 301 AD2d 851, 852 [2003], *lv denied* 2 NY3d 707 [2004]; *Watts v Exxon Corp.*, 188 AD2d 74, 76 [1993]).

Peters, P.J., Lahtinen and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.