Krog Corp. v Vanner Group, Inc. (2018 NY Slip Op 00876)





Krog Corp. v Vanner Group, Inc.


2018 NY Slip Op 00876


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018

525140

[*1]THE KROG CORPORATION, Appellant,
v
THE VANNER GROUP, INC., Formerly Known as RALPH J. VANNER AND ASSOCIATES, INC., Respondent.

Calendar Date: November 13, 2017

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


Barclay Damon, LLP, Albany (David M. Cost of counsel), for appellant.
Bond Schoeneck & King, PLLC, Buffalo (Bradley A. Hoppe of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Platkin, J.), entered August 29, 2016 in Albany County, which granted defendant's motion to dismiss the amended complaint.
The Elite Contractors Trust of New York is a group self-insured trust that was formed in 1999 to provide mandated workers' compensation coverage to employees of the trust's members (see Workers' Compensation Law § 50 [3-a]; 12 NYCRR 317.2 [i]; 317.3). Plaintiff, an employer in the construction contracting and development industry, joined the trust in 1999 allegedly on the recommendation of defendant, its insurance broker and consultant, and remained a member until April 17,
2008. It is alleged that, throughout that time and unbeknownst to plaintiff, defendant also simultaneously served as a managing agent and marketing partner of the trust, by virtue of which it was "significantly and intimately involved with the [t]rust's oversight, administration and operation." In 2010, the Workers' Compensation Board (hereinafter the Board) determined that the trust was insolvent and assumed its administration (see 12 NYCRR 317.20). A December 2010 forensic audit revealed that the trust had an accumulated deficit in excess of $82 million and, the following month, the Board sent documents to each former member of the trust seeking [*2]repayment of the deficit on a pro rata basis [FN1].
On March 24, 2014, plaintiff commenced this action seeking damages from defendant in connection with its "improper continuous placement and retention of its membership in the [t]rust, as well as for its role in facilitating the overall [t]rust deficit." In its complaint, plaintiff asserted causes of action for breach of contract, unjust enrichment, negligence, negligent misrepresentation, aiding and abetting fraud, aiding and abetting breach of fiduciary duty, common-law indemnification and violations of the Racketeer Influenced and Corrupt Organizations Act (see 18 USC § 1961 et seq.). Defendant thereafter moved to dismiss the amended complaint pursuant to, among other provisions, CPLR 3211 (a) (5) and (7). Supreme Court granted the motion in its entirety, and this appeal by plaintiff ensued.
For the reasons set forth by Supreme Court in its comprehensive written decision (52 Misc 3d 1225[A], 2016 NY Slip Op 51288[U] [Sup Ct, Albany County 2016]), we agree that plaintiff's claims under the Racketeer Influenced and Corrupt Organizations Act and for common-law indemnification were properly dismissed for failure to state a cause of action. The court also properly dismissed plaintiff's causes of action for unjust enrichment and negligence as time-barred. Plaintiff's remaining claims, however, warrant discussion.
Where, as here, we are tasked with resolving a motion to dismiss pursuant to CPLR 3211, we must accept the facts as alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference (see Faison v Lewis, 25 NY3d 220, 224 [2015]; Zumpano v Quinn, 6 NY3d 666, 681 [2006]). "To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired" (Leace v Kohlroser, 151 AD3d 707, 708 [2017] [internal quotation marks and citations omitted]; see State of N.Y. Workers' Compensation Bd. v Wang, 147 AD3d 104, 110 [2017]; Northeastern Indus. Park, Inc. v Hoosick Val. Contrs., Inc., 106 AD3d 1182, 1183 [2013]). If the defendant meets this burden, "[t]he burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled or was otherwise inapplicable, or whether the action was actually commenced within the period propounded by the defendant" (State of N.Y. Workers' Compensation Bd. v Wang, 147 AD3d at 110 [internal quotation marks and citations omitted]; see Elia v Perla, 150 AD3d 962, 964 [2017]).
We first address plaintiff's cause of action for breach of contract. "The general rule applicable to contract actions is that a six-year statute of limitations begins to run when a contract is breached or when one party omits the performance of a contractual obligation" (New York Cent. Mut. Fire Ins. Co. v Glider Oil Co., Inc., 90 AD3d 1638, 1641-1642 [2011] [internal quotation marks, brackets and citation omitted]; see CPLR 213 [2]; Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770 [2012]; Beller v William Penn Life Ins. Co. of N.Y., 8 AD3d 310, 314 [2004]). "However, where[, as here,] a contract provides for continuing performance over a period of time, each breach may begin the running of the statute anew such that accrual occurs continuously" (Airco Alloys Div. v Niagara Mohawk Power Corp., 76 AD2d 68, 80 [1980] [citations omitted]; accord NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 104 [2017]; see Bulova Watch Co. v Celotex Corp., 46 NY2d 606, 611 [1979]; Sirico v F.G.G. Prods., Inc., 71 AD3d 429, 435 [2010]).
The amended complaint alleges that plaintiff contracted with defendant for the performance of insurance counseling and brokerage services and that this contractual relationship between the parties preexisted plaintiff's decision to become a member of the trust in 1999 and continued throughout the duration of its membership therein. Applying the foregoing principles to this case, there can be no dispute that any breach of the parties' contract that occurred prior to March 24, 2008 — six years prior to the commencement of this action — is time-barred. The issue thus distills to whether plaintiff has adequately alleged a contractual breach by defendant during the approximately 25-day period between that date and April 17, 2008, the date upon which plaintiff's membership in the trust was terminated.
In its amended complaint, plaintiff alleged that defendant "knew or should have known, by virtue of its industry knowledge, training and experience, that the [t]rust was a highly risky and unsuitable product for small to mid-size businesses such as [p]laintiff" and that defendant breached its contractual obligations by, insofar as is relevant here, failing to advise and counsel plaintiff on the risks of trust membership and failing to recommend that it cease membership in the trust. While defendant argues that all of the alleged breaches occurred on or before plaintiff's final annual renewal of its membership in April 2007, plaintiff's amended complaint is not limited to acts and omissions occurring before that date. Rather, the amended complaint alleges continuing contractual obligations on the part of defendant and specifies that the various acts and omissions constituting the breaches occurred "[t]hroughout the entire course of [p]laintiff's membership in the [t]rust." Deeming these allegations as true and according them every favorable inference, as we must (see Faison v Lewis, 25 NY3d at 224; Zumpano v Quinn, 6 NY3d at 681), we conclude that defendant failed to make the requisite prima facie showing that plaintiff's breach of contract claim is time-barred in its entirety (see Northeastern Indus. Park, Inc. v Hoosick Val. Contrs., Inc., 106 AD3d at 1183-1184). Accordingly, to the extent that plaintiff's claim is based upon alleged breaches during the 25-day period between March 24, 2008 and April 17, 2008, it should not have been dismissed.
Plaintiff's causes of action for aiding and abetting fraud and negligent misrepresentation, both of which sound in fraud (see State of N.Y. Workers' Compensation Bd. v Wang, 147 AD3d at 115-116; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 141 AD3d 785, 791 [2016]), are subject to a statute of limitations "the greater of six years from the date the cause of action accrued or two years from the time . . . plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213 [8]; see NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d 792, 795 [2016]; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 141 AD3d at 791). Initially, as Supreme Court properly found, plaintiff cannot avail itself of the two-year discovery exception. The Board's forensic audit report, which was completed in December 2010, revealed an accumulated deficit in excess of $82 million and identified a myriad of material deficiencies in the operation and management of the trust. Plaintiff's receipt of this document, together with the Board's January 2011 assessment letters notifying all trust members of the deficit and their joint and several liability for the deficiency, "unequivocally establish[es] that plaintiff was possessed of facts . . . that put it on notice of a potential fraud[-based] claim" (New York State Workers' Compensation Bd. v Consolidated Risk Servs., Inc., 125 AD3d 1250, 1255 [2015] [internal quotation marks and citation omitted]). Thus, as with the breach of contract claim, the timeliness of these causes of action hinges on whether a viable claim accrued during the limited 25-day portion of the statutory period during which plaintiff remained a member of the trust.
Plaintiff's negligent misrepresentation cause of action is premised upon the theory that defendant continuously misrepresented material facts pertaining to, among other things, the true financial condition of the trust and the risk of membership in it in order to induce plaintiff to join [*3]the trust and continue its membership therein, and that plaintiff relied upon such material misrepresentations to its detriment. Similarly, plaintiff's aiding and abetting fraud cause of action is grounded upon allegations that Compensation Risk Managers, LLC, the entity that formed the trust and served as its group administrator, made various false representations concerning, among other things, the trust's solvency, its compliance with the Workers' Compensation Law and applicable regulations, and the potential liabilities and dangers associated with trust membership, and that defendant knowingly induced, aided and abetted this fraud. With respect to both causes of action, the amended complaint specifies that the false representations, as well as defendant's conduct in inducing and participating in the fraud, occurred throughout the duration of plaintiff's membership in the trust and that plaintiff relied upon these fraudulent representations "in making decisions regarding its continued involvement in the [t]rust over the entire course of its membership." Like those set forth in the breach of contract claim, we find that these allegations, when liberally construed, assert conduct on the part of defendant and reliance thereon beyond plaintiff's April 2007 renewal and up and through the time its election to discontinue its membership was effectuated on April 17, 2008. Thus, plaintiff's causes of action for negligent misrepresentation and aiding and abetting fraud are timely insofar as they allege conduct occurring after March 24, 2008.
Finally, we disagree with Supreme Court's conclusion that the entirety of plaintiff's aiding and abetting breach of fiduciary duty claim is governed by a three-year statute of limitations. Because plaintiff does not seek equitable relief, a six-year statute of limitations period applies to a breach of fiduciary duty cause of action if "an allegation of fraud is essential to" such claim (IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [2009]; accord New York State Workers' Compensation Bd. v Consolidated Risk Servs., Inc., 125 AD3d at 1253). While a claim of fraud generally requires an affirmative misrepresentation, "fraud may also result from a fiduciary's failure to disclose material facts when the fiduciary had a duty to disclose and acted with the intent to deceive" (New York State Workers' Compensation Bd. v Consolidated Risk Servs., Inc., 125 AD3d at 1254 [internal quotation marks, brackets and citations omitted]; see Kaufman v Cohen, 307 AD2d 113, 119-120 [2003]).
Here, a portion of plaintiff's fiduciary duty claim is grounded upon allegations that Compensation Risk Managers, aided and abetted by defendant, breached its fiduciary duties to trust members, including plaintiff, by concealing the financial condition of the trust and falsely endorsing trust membership as

a safe and conservative alternative to traditional insurance, and that the pair did so as part of a scheme to increase membership and thereby increase commissions. While the amended complaint does not employ the word "fraud" in describing these acts, we must "'look for the reality, and the essence of the [claim] and not its mere name'" (Paolucci v Mauro, 74 AD3d 1517, 1520 [2010], quoting Brick v Cohn-Hall-Marx Co., 276 NY 259, 264 [1937]). So viewed, we find that these allegations are based in fraud and are essential to this portion of the claim (see New York State Workers' Compensation Bd. v Consolidated Risk Servs., Inc., 125 AD3d at 1253; New York State Workers' Compensation Bd. v SGRisk, LLC, 116 AD3d 1148, 1154 [2014]; Paolucci v Mauro, 74 AD3d at 1520). Therefore, this portion of the aiding and abetting breach of fiduciary duty claim is subject to a six-year statute of limitations (see id.) and, to the extent that it alleges conduct occurring after March 24, 2008, it too is timely.
The parties' remaining contentions, to the extent not specifically set forth herein, are either without merit or have been rendered academic by our determination.
Garry, P.J., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion to dismiss the breach of contract, negligent [*4]misrepresentation, aiding and abetting fraud and aiding and abetting breach of fiduciary duty causes of action; motion denied to the extent set forth in this Court's decision and matter remitted to the Supreme Court to permit defendant to serve an answer within 20 days of the date of this decision; and, as so modified, affirmed.



Footnotes

Footnote 1: A subsequent forensic audit found a deficit of almost $58 million as of September 2013.