ANN TAMPA, Respondent, v JOSE DELACRUZ et al., Appellants. [910 NYS2d 497]—

In an action, inter alia, to impose a constructive trust on certain real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings

County (Starkey, J.), dated July 17, 2009, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

" 'A cause of action to impose a constructive trust is governed by a six-year statute of limitations and begins to accrue upon the occurrence of the wrongful act giving rise to a duty of restitution and not from the time the facts constituting the fraud are discovered' " (*Auffermann v Distl*, 56 AD3d 502, 502 [2008], quoting *Reiner v Jaeger*, 50 AD3d 761, 761 [2008]; *see* CPLR 213 [1]). " 'A determination of when the wrongful act triggering the running of the Statute of Limitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition . . . or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property' " (*Auffermann v Distl*, 56 AD3d at 502, quoting *Jakacic v Jakacic*, 279 AD2d 551, 552 [2001]).

Here, the six-year limitations period began to run either on November 22, 1994, when the property at issue was conveyed to the defendants, or approximately two months later, when the defendant Madelyn Delacruz, the plaintiff's sister, allegedly misrepresented to the plaintiff that a one-half interest in the property had been conveyed to the plaintiff pursuant to an agreement between the parties. In either case, the limitations period expired several years prior to the plaintiff's commencement of this action on August 6, 2007. Thus, the defendants established, prima facie, that the action was not timely commenced.

However, in opposition, the plaintiff raised a triable issue of fact as to whether the defendants should be equitably estopped from invoking the statute of limitations defense. Under the doctrine of equitable estoppel, a defendant may be precluded from invoking a statute of limitations defense " 'where it is the defendant's affirmative wrongdoing . . . which produced the long delay between the accrual of the cause of action and the institution of the legal proceeding' " (*Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 552 [2006], quoting *Zumpano v Quinn*, 6 NY3d 666, 673 [2006]; *see Reiner v Jaeger*, 50 AD3d at 762). In her affidavit, the plaintiff attested that she transferred her one-fifteenth interest in the property to the defendants in reliance

on Madelyn's promise to transfer a one-half interest in the property to her, that Madelyn affirmatively misrepresented that she had fulfilled such promise, and that for more than 12 years, the defendants accepted monthly payments from the plaintiff equal to approximately one half of the mortgage obligation. Thus, the plaintiff raised a triable issue of fact as to whether her delay in the commencement of this action was the result of the defendants' alleged misconduct. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that it was time-barred.

As to the merits, "[g]enerally, a constructive trust may be imposed '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' " (*Sharp v Kosmalski*, 40 NY2d 119, 121 [1976], quoting *Beatty v Guggenheim Exploration Co.*, 225 NY 380, 386 [1919]). The elements of a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d at 121; *A.G. Homes, LLC v Gerstein*, 52 AD3d 546, 547 [2008]).

In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised triable issues of fact as to whether Madelyn had promised to convey a one-half interest in the property to the plaintiff; whether the plaintiff originally transferred her interest in the property to the defendants and, in effect, assumed one half of the monthly mortgage obligation for more than 12 years in reliance on that promise; and whether the defendants were unjustly enriched. Accordingly, the Supreme Court also properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint based on their claim that the plaintiff had transferred her ownership interest in the subject property to them (*see A.G. Homes, LLC v Gerstein*, 52 AD3d 546 [2008]). Mastro, J.P., Covello, Dickerson and Roman, JJ., concur. **[Prior Case History: 24 Misc 3d 1220(A), 2009 NY Slip Op 51532(U).]**