*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 22, 2015                    520778
_____

In the Matter of the
   Dissolution of THERM, INC.

CHERYL BOICE et al.,
   Individually and on Behalf
   of THE SPROLE TRUST,                    MEMORANDUM AND ORDER
                     Appellants;

ROBERT SPROLE II et al.,
                     Respondents.
_____

Calendar Date:  September 10, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Devine, JJ.

_____

        Paykin, Krieg & Adams, LLP, White Plains (Joseph N. Paykin
of counsel), for appellants.

        Hancock Estabrook, LLP, Syracuse (Janet D. Callahan of
counsel), for respondents.

_____

Lahtinen, J.P.

        Appeal from an order of the Supreme Court (Rumsey, J.),
entered August 27, 2014 in Tompkins County, which, in a
proceeding pursuant to Business Corporation Law article 11, among
other things, partially granted respondents' motion to dismiss
the amended petition.

        Robert R. Sprole (hereinafter decedent) founded Therm, Inc.
in the 1930s, and he died in 1992.  Petitioners include two of
decedent's three daughters, and respondents are his son, Robert
Sprole II, and grandson, Robert Sprole III.  As relevant here,

decedent created a trust in 1988 funded with about $3 million and, in 1991, he formed the Sprole Trust into which he transferred the earlier trust as well as 30,950 shares of Therm, representing 63.3% of outstanding voting shares. The Sprole Trust purportedly provided that, upon decedent's death, the trustee would pay to the executor of decedent's estate sufficient funds to cover estate taxes, and then the trust would distribute its Therm stock 40% to Sprole II and 20% to each of decedent's daughters.

Following decedent's death, Sprole II was the sole trustee of the trust, executor of decedent's estate (reportedly with gross assets of $11,680,040) and chair and chief executive officer of Therm. Sprole III was an officer and director of Therm. Petitioners commenced this proceeding in November 2013, and the many assertions in their detailed amended petition included that the estate taxes had been purposefully delayed and not paid in full to avoid distributing stock under the trust, as well as allegations of various actions, manipulations and self-dealing by respondents resulting in petitioners being deprived of assets that they should have received from the trust, estate and corporation.

Respondents made a pre-answer CPLR 3211 motion to dismiss, which Supreme Court granted in part by dismissing two of petitioners' four causes of action. The court further held that, as for the two remaining causes of action (breach of fiduciary duty and common-law dissolution of Therm), petitioners were barred by the statute of limitations from using any acts in support thereof that occurred more than six years before commencement of this proceeding. Petitioners appeal, limiting their argument to that part of the order precluding them from presenting proof of events occurring prior to November 26, 2007.

Although "New York law does not provide a single statute of limitations for breach of fiduciary duty claims [and] the choice of the applicable limitations period depends on the substantive remedy that the plaintiff seeks" (IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [2009]), the parties do not dispute that a six-year period applies to these two remaining

causes of action.[1]  However, the statute of limitations for a claim alleging a breach of fiduciary duty is tolled until there has been an open repudiation by the fiduciary or the relationship has otherwise been clearly terminated (see Matter of Barabash, 31 NY2d 76, 80 [1972]; Matter of Baird, 58 AD3d 958, 959 [2009]; People v Ben, 55 AD3d 1306, 1308 [2008]; Matter of Rodken, 270 AD2d 784, 785 [2000]; see also Access Point Med., LLC v Mandell, 106 AD3d 40, 44-45 [2013]).

There is nothing in this record indicating that respondents' relevant fiduciary roles have terminated.  Although many of the actions about which petitioners complain were done openly, petitioners also allege that they were repeatedly assured that such actions were ultimately in their best interests.  The amended petition alleges that respondents have not to date repudiated their positions as fiduciaries.  That allegation is not denied in this pre-answer motion, which was supported only by an attorney's affirmation and memorandum of law.  On this record and in this procedural posture, we find that it was error to conclude that petitioners were barred from presenting any proof of acts occurring more than six years before commencement (see New York State Workers' Compensation Bd. v Consolidated Risk Servs., Inc., 125 AD3d 1250, 1252-1253 [2015]; see also Westchester Religious Inst. v Kamerman, 262 AD2d 131, 131-132 [1999]; Matter of Winne, 232 AD2d 956, 957-958 [1996]).  The remaining argument is academic.

Garry, Lynch and Devine, JJ., concur.

---

[1]  The cause of action for common-law dissolution is premised, in part, upon allegations of various fiduciary breaches (see generally Westchester Religious Inst. v Kamerman, 262 AD2d 131, 131-132 [1999]).

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as limited the first and second causes of action to events occurring on or after November 26, 2007, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court