Matter of Steinberg (2020 NY Slip Op 02841)





Matter of Steinberg


2020 NY Slip Op 02841


Decided on May 14, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 14, 2020

529134

[*1]In the Matter of the Estate of Yehuda Steinberg, Also Known as Jay Steinberg and David Barnett, Deceased. Aviva Aviv Steinberg et al., Respondents; Scott Eisenmesser, as Executor of the Estate of Yehuda Steinberg, Deceased, Appellant.

Calendar Date: March 23, 2020

Before: Egan Jr., J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Sperber & Stein, LLP, Garden City (Michelle S. Stein of counsel), for appellant.
Smith, Gambrell & Russell, LLP, New York City (John G. McCarthy of counsel), for respondents.



Pritzker, J.
Appeal from an order of the Surrogate's Court of Ulster County (McGinty, S.), entered April 18, 2019, which, in a proceeding pursuant to SCPA article 21, denied respondent's motion to dismiss the petition.
Prior to his death in January 2017, Yehuda Steinberg (hereinafter decedent) was a real estate developer and owner of several income-producing properties that were purportedly valued in excess of $60 million. Petitioner Aviva Aviv Steinberg (hereinafter Steinberg) is decedent's sister, and petitioners Yuval Eilam, Ofer Eilam and Ehud Eilam are Steinberg's children and decedent's nephews (hereinafter collectively referred to as the nephews). During his lifetime, decedent allegedly expressed his intent to transfer ownership of several parcels of property to petitioners. The present appeal concerns a number of decedent's properties, located mainly in Brooklyn, which, at various times in his life, decedent conveyed to petitioners and himself as joint tenants with rights of survivorship. In essence, it is alleged that decedent gifted petitioners their interests in the properties as part of his ongoing tax and estate planning, and that, years after doing so, decedent surreptitiously divested petitioners of their interests in certain properties by filing deeds in the Kings County Clerk's office. Petitioners purportedly did not learn that decedent had transferred interest in several of the properties until after his death.
In September 2014, decedent executed his last will and testament, leaving his tangible property and his residuary estate to his friend, Ronald Minner; he appointed respondent, his attorney, as the executor of his estate, and named Minner as respondent's successor. Following decedent's death, preliminary letters testamentary were issued to respondent, and his last will and testament was admitted to probate in March 2017. Thereafter, in May 2018, petitioners commenced the instant proceeding against respondent, as executor of decedent's estate, asserting seven causes of action, including breach of fiduciary duty and constructive trust.[FN1] Respondent thereafter filed a pre-answer motion to dismiss the petition under CPLR 3211 (a) (1), (5) and (7), which petitioners opposed. Surrogate's Court denied the motion, and respondent appeals.
"Where, as here, we are tasked with resolving a motion to dismiss pursuant to CPLR 3211, we must accept the facts as alleged in the [petition] as true and accord the [petitioner] the benefit of every possible favorable inference" (Krog Corp. v Vanner Group, Inc., 158 AD3d 914, 915 [2018] [citations omitted]; see New York State Workers' Compensation Bd. v Consolidated Risk Servs., Inc., 125 AD3d 1250, 1252-1253 [2015]). The relevant facts, as alleged by petitioners, center around the following properties and entities in which petitioners allege an interest.
In 1980, decedent and Steinberg held a property located at 3906 Avenue K in Brooklyn as joint tenants with rights of survivorship. Steinberg's interest was gifted to her by decedent as part of his tax and estate planning and to compensate her for her contributions to his business. In 1981, Steinberg, who was living in Israel at the time, executed a power of attorney naming decedent as her attorney-in-fact. Thereafter, in 2007, decedent exercised his authority as attorney-in-fact and transferred full ownership of this property to a limited liability company (hereinafter LLC) in which decedent was a manager and member. In January 2015, decedent filed a deed, wherein he allegedly forged Steinberg's signature, confirming that he and Steinberg transferred their interest in this property to the LLC. In March 2015, this LLC sold this property to another LLC for substantially less than the true value of the property. Steinberg did not receive any funds from this sale.
In 1984, decedent and Steinberg owned a property located at 566 Seventh Avenue in Brooklyn, as joint tenants with rights of survivorship. Steinberg's interest was gifted to her by decedent. In 2007, decedent again exercised his authority, as Steinberg's power of attorney, and transferred full ownership rights of the property to an entity of which decedent was a member and manager. Steinberg was not compensated.
Following the death of Belle Steinberg, decedent's and Steinberg's mother, Belle Steinberg left behind several parcels of real estate — two in Brooklyn, located at 2241 East 29th Street and 847 East 19th Street — and two in Jerusalem, one of which was located on Alfassi Street. It is alleged that after their mother's death, decedent and Steinberg agreed to share ownership of three of the properties — the 2241 East 29th Street property, the 847 East 19th Street property and the Alfassi Street property. More specifically, decedent and Steinberg agreed that Steinberg would deed the Alfassi Street apartment in Jerusalem to herself and decedent as joint tenants with rights of survivorship, and that decedent would similarly deed the properties at 2241 East 29th Street and 847 East 19th Street to himself and Steinberg as joint tenants with rights of survivorship. Steinberg followed through with this agreement, but decedent did not.
In 1986, decedent and Ofer Eilam owned, as joint tenants with rights of survivorship, a property located at 2031 Ocean Avenue in Brooklyn. Ofer Eilam's interest was gifted by decedent as part of his tax and estate planning. Because Ofer Eilam was living in Israel, he executed a power of attorney naming both decedent and Steinberg as his agents. In 1991, decedent informed Ofer Eilam and Steinberg that the Ocean Avenue property needed to be mortgaged and, to do so, he needed full ownership interest in the property and that Ofer Eilam's share would be reconveyed to him after the refinancing was complete. Steinberg, acting as Ofer Eilam's attorney-in-fact, transferred Ofer Eilam's interest in this property to decedent, who then obtained a mortgage in 1991 and another mortgage in 2003. In 2004, decedent transferred full ownership rights of the property to an entity of which decedent was a manager and member. Petitioners allege that, "[o]n information and belief, [d]ecedent still intended to re-convey the 50% interest in [this] property back" to Ofer Eilam at this time. Thereafter, in 2014, the entity sold the property to three other entities for $2.4 million. Ofer Eilam did not receive compensation as a result of this sale.
In 1986, decedent conveyed by deed a property located at 45 Wyckoff Street in Brooklyn to himself and Yuval Eilam as joint tenants with rights of survivorship, purportedly as a gift in accordance with decedent's tax and estate planning. Decedent allegedly failed to account to Yuval Eilam the profits and losses of the property and failed to remit to Yuval Eilam his share of the net proceeds of the rent from the property.
In 1986, decedent conveyed by deed a property located at 41 Wyckoff Street in Brooklyn to himself and Ehud Eilam as joint tenants with rights of survivorship, again as a gift in accordance with decedent's tax and estate planning. Decedent failed to account to Ehud Eilam the profits and losses of the property and failed to remit to Ehud Eilam his share of the net proceeds of the rent from the property.
Lastly, in 2005, decedent transferred his ownership interest in six apartment units at 125 8th Avenue in Brooklyn, conveying two units to each of three separate entities — Ehud LLC, Ofer LLC and Yuval 125 LLC. Decedent was a member and manager of each entity until his death. Petitioners allege that decedent gifted an unknown interest in each of these entities to each of the nephews as part of his ongoing tax and estate planning.
Petitioners' first cause of action alleges a breach of fiduciary duty by decedent to petitioners by "engaging in self-dealing, entering into self-interested transactions, committing forgery, and concealing acts of his impropriety." Respondent argues that Surrogate's Court erred in denying the motion to dismiss the first cause of action as it is time-barred. We disagree. To dismiss a cause of action as "barred by the applicable statute of limitations, a [respondent] bears the initial burden of demonstrating, prima facie, that the time within which to commence the [proceeding] has expired" (Krog Corp. v Vanner Group, Inc., 158 AD3d at 915 [internal quotation marks and citations omitted]). "If the [respondent] meets this burden, the burden then shifts to the [petitioner] to raise a question of fact as to whether the statute of limitations has been tolled or was otherwise inapplicable" (id. at 916 [internal quotation marks, brackets and citations omitted]). "[C]laims alleging a breach of fiduciary duty do not accrue until there is either an open repudiation of the fiduciary obligation or a judicial settlement of the account" (Matter of Baird, 58 AD3d 958, 959 [2009] [internal quotation marks, ellipsis and citation omitted]; see Matter of Barabash, 31 NY2d 76, 80 [1972]; Matter of Behr, 191 AD2d 431, 431 [1993]). Open repudiation "requires proof of a repudiation by the fiduciary which is clear and made known to the beneficiaries" (Matter of JPMorgan Chase Bank N.A. [Roby], 122 AD3d 1274, 1276 [2014] [internal quotation marks, emphasis added and citation omitted]; see Matter of Barabash, 31 NY2d at 80). "Where there is any doubt on the record as to the conclusive applicability of a [s]tatute of [l]imitations defense, the motion to dismiss . . . should be denied" (Matter of Behr, 191 AD2d at 431 [citations omitted]).
Viewing the evidence in the context of the entire factual situation (see Matter of Barabash, 31 NY2d at 80), respondent has failed to prove that, by filing the deeds, decedent made a "clear" repudiation which was "made known to [petitioners]," because petitioners were purportedly unaware of decedent's divestments until after his death (Matter of Barabash, 31 NY2d at 80; see Matter of Meyer, 303 AD2d 682, 683 [2003]).[FN2] Because no open repudiation occurred, Surrogate's Court correctly determined that petitioners' breach of fiduciary duty claim did not begin to accrue until decedent's death in January 2017, when his fiduciary relationship with petitioners terminated; thus, respondent's claim, filed in 2018, falls within the six-year statute of limitations (see Matter of Trombley, 137 AD3d 1641, 1642 [2016]).[FN3] Moreover, although petitioners did not appear to examine the property records for an extensive period of time, in view of the relationship of the parties and decedent's responsibility as attorney-in-fact and as joint tenant, petitioners' failure to make independent investigations of the property records does not represent lack of reasonable diligence. For the foregoing reasons, and given the fact that any doubt as to the conclusive applicability of a statute of limitations defense should result in furthering of the proceeding (see Matter of Behr, 191 AD2d at 431), Surrogate's Court properly denied respondent's motion to dismiss petitioners' breach of fiduciary duty claim.
Petitioners' second cause of action seeks to impose a constructive trust related to Ofer Eilam's interest in the Ocean Avenue property. On appeal, respondent argues that Surrogate's Court should have dismissed this claim as time-barred. We disagree. "A cause of action for a constructive trust is governed by the six-year statute of limitations provided by CPLR 213 (1), which begins to run upon the occurrence of the allegedly wrongful act giving rise to a duty of restitution" (Tornheim v Tornheim, 67 AD3d 775, 776 [2009] [internal quotation marks and citations omitted]; see Auffermann v Distl, 56 AD3d 502, 502 [2008]). "A determination of when the wrongful act triggering the running of the [s]tatute of [l]imitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition[,] or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property" (Tampa v Delacruz, 77 AD3d 910, 912 [2010] [internal quotation marks, ellipsis and citations omitted]).
Surrogate's Court did not err in determining that petitioners' claim was timely as to Ofer Eilam's interest in the Ocean Avenue property. First, the court properly applied law involving wrongfully withheld property as opposed to wrongfully acquired property, as it appears from the petition that decedent lawfully acquired the property in the first place.[FN4] Therefore, the accrual date for this claim is the date that decedent allegedly breached or repudiated the agreement to transfer the property (see id.; Auffermann v Distl, 56 AD3d at 502). Here, it could be determined that decedent's wrongful conduct occurred as early as September 2004, when, after refinancing the property, he conveyed such property to the entity of which he was a member and manager, instead of reconveying to Ofer Eilam his half interest in the property. However, based on the facts as alleged in the petition, it is unclear if petitioners were aware of or assented to this transfer of the Ocean Avenue property to this entity, as petitioners state that, "[o]n information and belief, [d]ecedent still intended to re-convey the 50% interest in the Ocean Avenue Property back to Ofer Eilam at this time." In any event, decedent's wrongful act still occurred in 2014, when the entity of which decedent is a member and manager sold the property to three other entities with which decedent does not appear to have been associated. This 2014 action evinces decedent's failure to honor his promise to reconvey Ofer Eilam his half interest in the property, because, based on the petition, decedent does not appear to have any control over the three entities and therefore could not later reconvey his interest in the property to Ofer Eilam (see Zane v Minion, 63 AD3d 1151, 1153-1154 [2009]; Auffermann v Distl, 56 AD3d at 502-503). Because the petition was filed in May 2018, and the subject property was sold to the three entities in August 2014, this cause of action was commenced well within the six-year statute of limitations.
Petitioners' third cause of action seeks relief under RPAPL 1201 to Ehud Eilam and Yuval Eilam with respect to the two properties located at 41 and 45 Wyckoff Street. Respondent contends that this cause of action is time-barred. We disagree. Under RPAPL 1201, "[a] joint tenant or a tenant in common of real property, or his [or her] executor or administrator, may maintain an action to recover his [or her] just proportion against his [or her] co-tenant who has received more than his [or her] own just proportion, or against his [or her] executor or administrator." The statutory purpose of RPAPL 1201 is the "codification of the long-established principle that a tenant be required to account to cotenants for rents received from third parties" (Trotta v Ollivier, 91 AD3d 8, 14 [2011]; see Degliuomini v Degliuomini, 12 AD3d 634, 635 [2004]). Where there is no agreement as to how rents from properties should be distributed, "the [s]tatute of [l]imitations would not begin to run until the termination of the relationship, unless the cotenant in possession had theretofore openly repudiated his [or her] obligation to account, in which case the [s]tatute of [l]imitations would begin to run at the time of the repudiation" (Goergen v Maar, 2 AD2d 276, 280 [1956]).
Here, it is alleged that in 1986, decedent conveyed by deeds a property located at 45 Wyckoff Street to himself and Yuval Eilam as joint tenants with rights of survivorship, and similarly deeded a property located at 41 Wyckoff Street to himself and Ehud Eilam as joint tenants with rights of survivorship. According to the petition, decedent failed to account to both Yuval Eilam and Ehud Eilam for the profits and losses of the properties and failed to remit their share of the net proceeds of the rent from the properties. Based on the facts alleged, decedent did not openly repudiate his obligation to account with respect to the two Wyckoff Street properties, and the termination of his relationship with Ehud Eilam and Yuval Eilam did not occur until his death in 2017 (see Goergen v Maar, 2 AD3d at 280). Moreover, respondent's argument that petitioners can only sue for rents in the six-year period immediately preceding the commencement of this suit is not supported by RPAPL 1201 or the "very sparse" RPAPL 1201 case law, which lists no scope or limitation on the time period of collectable rents (Trotta v Ollivier, 91 AD3d at 10), nor is it supported by general case law, which implies that the duty to account runs from the commencement of the relationship (see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 202 [2008]).
In petitioners' fourth cause of action, they seek to compel an accounting of all monies and property usurped and/or received by decedent belonging to petitioners. We reject respondent's argument that Surrogate's Court should have dismissed this cause of action insofar as petitioners lack standing because they were not in a fiduciary relationship with decedent. According to SCPA 2207 (1), "[w]here a fiduciary dies the court has the same jurisdiction upon the petition of any person required to be served upon a voluntary judicial settlement of the account of the deceased fiduciary to compel the fiduciary of the deceased fiduciary to account which it would have against the deceased fiduciary" (emphasis added). Moreover, under SCPA 2207 (2), the "fiduciary of a deceased fiduciary may voluntarily account for the acts and doings of the deceased fiduciary and for the property of the estate . . . whether or not such property has come into the hands of the fiduciary of the deceased fiduciary" (see Matter of Moore, 169 Misc 336, 337 [Sur Ct, Kings County 1938]).
The petition in this matter reveals that petitioners aim to acquire an accounting of "all monies and property usurped and/or received by the [d]ecedent belonging to the [p]etitioners." First, it is clear that decedent owed a fiduciary duty with respect to petitioners, as he owned properties with them as joint tenants and thus was required not to act in a way that would prejudice their property interests (see Barclay v Barclay, 155 NYS 221, 225 [Sup Ct, NY County 1915], affd 171 App Div 951 [1915]). Moreover, respondent is the fiduciary of decedent because "an executor is a fiduciary who owes a duty of undivided loyalty to the decedent and has a duty to preserve the assets that [the] decedent entrusted to [him or her]" (Matter of Berlin, 135 AD3d 746, 750 [2016] [internal quotation marks, brackets and citations omitted], lv denied 27 NY3d 905 [2016]). Thus, petitioners have standing to seek an accounting, as "such an accounting is essential for the purpose of enabling [petitioners] to determine the amount ow[ed] to [them] by the estate" (Matter of Irvin, 68 App Div 158, 162 [1902]), and respondent may be required to submit an accounting as to decedent's "acts and doings" as petitioners' fiduciary.
In their fifth cause of action, petitioners seek to compel delivery of the properties at issue and/or the proceeds of the sales of such properties pursuant to SCPA 2105. We are unpersuaded by respondent's argument that Surrogate's Court erred in denying his motion to dismiss this cause of action because petitioners are not unquestionably and unconditionally entitled to the immediate transfer of the properties. Under SCPA 2105 (1), a petitioner with a claim to property or proceeds controlled by a fiduciary can present facts to Surrogate's Court to seek a court order directing that the fiduciary be required "to show cause why he [or she] should not be required to deliver the property or the proceeds thereof." The very language of the statute, specifically subparagraph three, states that, "[u]pon [the] return of process, the court must hear the proofs of the parties" and "determine the issues" as alleged by the parties (SCPA 2105 [3]).[FN5] Respondent cites precedent that courts have dismissed SCPA 2105 matters where the petitioners failed to show that they are "unquestionably and unconditionally entitled to the immediate" possession of something (Matter of Virginia, 124 AD3d 1348, 1349 [2015] [internal quotation marks, brackets and citation omitted]; see Matter of Mittleman, 35 Misc 2d 848, 848-849 [Sur Ct, Nassau County 1962]). However, given that a hearing under SCPA 2105 has not been conducted (see SCPA 2105 [3]), and that, at the pre-answer motion to dismiss stage, the court was required to accept petitioners' allegations as true and accord them every favorable inference (see generally Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC, 155 AD3d 1218, 1219 [2017], affd 31 NY3d 1090 [2018]), we agree with Surrogate's Court that the allegations in the petition are sufficient to defeat respondent's motion to dismiss.
In the sixth cause of action, petitioners seek relief pursuant to SCPA 2102 (1) to obtain information concerning Ehud LLC, Ofer LLC and Yuval 125 LLC. Contrary to respondent's contention, because the statutory right to seek discovery is broad (see SCPA 2102 [1]; Matter of Quandt, 175 AD2d 433, 434 [1991]), and the request seeks relevant information as to decedent's donative intent when he named these LLCs after his nephews, Surrogate's Court properly rejected dismissal of this claim.
Finally, petitioners' seventh cause of action alleges promissory estoppel concerning Steinberg's interest in the properties located at 2241 East 29th Street and 847 East 19th Street. Contrary to respondent's contention, this claim is timely. Respondent argues that, if there was a breach, it occurred when decedent failed to transfer to Steinberg an interest in the 2241 East 29th Street and 847 East 19th Street properties, as petitioners allege he promised to do. Generally, the relevant accrual date for an agreement such as this is the date of the breach, not the date the promise or the agreement was made (see Crump v Christy, 28 AD2d 1179, 1180 [1967]; compare Seidenfeld v Zaltz, 162 AD3d 929, 933 [2018]). Here, although the facts allege that decedent and Steinberg agreed to convey certain properties to each other after their mother's death many years ago (in 1994), it is not ascertainable from the petition whether the parties agreed to convey the properties within a certain time period. Therefore, decedent breached his agreement with Steinberg only at the time of his death in 2017, as he was no longer able to comply with their purported agreement at that time. Thus, petitioners' promissory estoppel claim is timely, as it was filed well within the six-year limitations period (see Seidenfeld v Zaltz, 162 AD3d at 933). We also find no merit in respondent's argument that petitioners' promissory estoppel claim is barred by the statute of frauds (see Matter of Hennel, 29 NY3d 487, 494 [2017]; compare Martin Greenfield Clothiers, Ltd. v Brooks Bros. Group, Inc., 175 AD3d 636, 637-638 [2019]). In conclusion, we find that Surrogate's Court properly denied respondent's motion to dismiss the petition.
Egan Jr., J.P., Clark, Devine and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: In late September 2018, petitioners moved to amend their petition to include Minner as a respondent. It is not clear whether Surrogate's Court decided this motion.

Footnote 2: Picard v Fish (139 AD3d 1333 [2016]), which respondent cites to support the proposition that petitioners' claim accrued when decedent recorded the deeds, does not involve an on-going fiduciary relationship similar to that of an attorney-in-fact, but rather involves the fiduciary duty of an executor, which begins only at a decedent's death (id. at 1331).

Footnote 3: Although petitioners' requested relief for their breach of fiduciary duty claim is "$10 million," which would be subject to the three-year statute of limitations (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [2009]), upon further examination, petitioners' allegations of fraudulent behavior by decedent, including engaging in self-interested transactions and concealing his acts of impropriety, are essential to petitioners' breach of fiduciary duty claim. Therefore, the six-year statute of limitations applies (see Cusimano v Schnurr, 137 AD3d 527, 530 [2016]; New York State Workers' Compensation Bd. v Consolidated Risk Servs., Inc., 125 AD3d at 1254).

Footnote 4: We note that both petitioners and respondent, in their briefs, apply the wrongfully withheld standard.

Footnote 5: The practice commentary following the statute similarly indicates that after service of an SCPA 2105 petition is issued to the fiduciary, on the return date, the court indeed conducts a hearing to determine the parties' respective interests (see Margaret Valentine Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 2105 at 380; see also Matter of Schneier, 74 AD2d 22, 23-24 [1980]).