Matter of George (2021 NY Slip Op 03231)





Matter of George


2021 NY Slip Op 03231


Decided on May 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 20, 2021

531096
[*1]In the Matter of the Estate of Mathai Kolath George, Deceased. Andrew B. Jarosh, as Administrator of the Estate of Mathai Kolath George, Deceased, Petitioner; Anil Paulose et al., Appellants, and Power Angels, LLC, et al., Respondents, et al., Respondents.

Calendar Date:March 17, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Tabner, Ryan & Keniry, LLP, Albany (Brian M. Quinn of counsel), for Anil Paulose and another, appellants.
Thomas K. George and Sharon George, Astoria, appellantspro se.
Pattison, Sampson, Ginsberg & Griffin, PLLC, Troy (Michael E. Ginsberg of counsel), for Power Angels, LLC, respondent.
Schopf Law, PLLC, Clifton Park (Jonathan G. Schopf of counsel), for Prowin Group, LLC, respondent.



Egan Jr., J.P.
Appeal from an order of the Surrogate's Court of Saratoga County (Kupferman, S.), entered February 7, 2020, which, among other things, partially granted cross motions by respondents Prowin Group, LLC and Power Angels, LLC to dismiss the amended petition.
On July 23, 2008, Mathai Kolath George (hereinafter decedent) entered into a contract to purchase a residence known as the Llenroc Mansion, located at 708 Riverview Road in the Town of Clifton Park, Saratoga County, for $2.8 million. The contract provided for a down payment of $291,000, to be followed by monthly payments of $48,500 for 13 consecutive months, with transfer of title to occur upon decedent's payment of the remaining balance of $1,878,500 on or before August 23, 2009. Decedent tendered the down payment and he and his family moved into Llenroc. On June 14, 2009, decedent died. On October 23, 2009, respondent Annie Kolath, decedent's surviving spouse, terminated her husband's contract to purchase Llenroc, and instead entered into a new contract to purchase it on behalf of respondent Power Angels, LLC,[FN1] an entity for which she was managing member,[FN2] for $1,878,500 — the remaining balance of the purchase price that decedent owed to the seller at the time of his death. The same day, the seller executed a deed conveying Llenroc to Power Angels.[FN3]
On November 16, 2009, decedent's last will and testament, dated December 19, 2005, was admitted to probate and letters testamentary were issued to Kolath. Numerous creditors, including, as relevant here, respondents Thomas K. George and Sharon George, decedent's brother and sister-in-law, and respondents Anil Paulose and Elizabeth Paulose, decedent's brother-in-law and sister, filed claims against the estate. Thomas K. George (hereinafter George) subsequently petitioned to compel an accounting by Kolath and to have her removed as executor. In March 2013, following a trial, Surrogate's Court removed Kolath as executor and revoked her letters testamentary, finding that she violated her fiduciary duty to the estate by, among other things, failing to identify or account for the estate's assets, engaging in self-dealing and commingling the estate's assets with her personal assets. In April 2014, Surrogate's Court issued letters testamentary to George as successor executor but, in February 2015, he was also removed as executor and his letters testamentary revoked after failing to file an undertaking or otherwise secure sufficient security to protect the assets of the estate. In July 2016, Surrogate's Court issued letters of administration c.t.a. to petitioner, the public administrator of Saratoga County.
On January 28, 2019, petitioner filed a petition seeking judicial settlement of his accounts and the imposition of a constructive trust on Llenroc.[FN4] The Pauloses and the Georges separately answered and asserted certain objections to the accounting, but otherwise consented to the imposition of a constructive trust. In June 2019, respondent [*2]Prowin Group, LLC, an entity incorporated by Siju Augustine, Kolath's brother, intervened as an interested party and objected to the imposition of a constructive trust, contending, among other things, that the statute of limitations for seeking such relief had expired. Power Angels also intervened as an interested party, objecting to the imposition of a constructive trust on the same grounds asserted by Prowin Group.[FN5] In October 2019, the Pauloses and the Georges separately moved to compel discovery and, in turn, Prowin Group and Power Angels separately cross-moved to dismiss the amended petition. As relevant here, Surrogate's Court partially granted the cross motions of Prowin Group and Power Angels by dismissing that portion of the amended petition as sought to impose a constructive trust, determining that said claim was time-barred. The Pauloses and the Georges appeal.[FN6]
A constructive trust is an equitable remedy, the primary purpose of which is to prevent unjust enrichment (see Simonds v Simonds, 45 NY2d 233, 242 [1978]; Sharp v Kosmalski, 40 NY2d 119, 123 [1976]; Matter of Knappen, 237 AD2d 677, 679 [1997], lv denied 90 NY2d 802 [1997]). The imposition of such a trust is warranted "'when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest'" (Kain Dev., LLC v Krause Props., LLC, 130 AD3d 1229, 1234 [2015], quoting Sharp v Kosmalski, 40 NY2d at 121). As relevant here, a cause of action to impose a constructive trust is subject to a six-year statute of limitations and accrues "upon the occurrence of the allegedly wrongful act giving rise to a duty of restitution" (Matter of Steinberg, 183 AD3d 1067, 1072 [2020] [internal quotation marks and citation omitted]; see CPLR 213 [1]; Auffermann v Distl, 56 AD3d 502, 502 [2008]).
The gravamen of petitioner's claim seeking imposition of a constructive trust is that Kolath engaged in self-dealing by cancelling the contract entered into by decedent, and then, via Power Angels, purchasing the property for $1,878,500, in effect crediting Power Angels with all moneys previously paid by decedent toward the original price. This cause of action accrued on October 23, 2009, the date on which Kolath cancelled decedent's contract and Power Angels entered into the new purchase agreement and purchased Llenroc. Although more than six years elapsed between this date and the filing of the subject petition for an accounting on January 28, 2019, the claim was nevertheless timely asserted.
Under the fiduciary tolling rule, a claim alleging wrongful conduct by an individual in his or her fiduciary capacity does not accrue until there is an open repudiation of the fiduciary obligation or a judicial settlement of the fiduciary's account (see Matter of Barabash, 31 NY2d 76, 80 [1972]; Matter of Steinberg, 183 AD3d at 1070; Matter of Baird, 58 AD3d 958, 959 [2009]; Matter of Rodken, 270 AD2d 784, 785 [2000]). This rule tolls [*3]the statute of limitations "for all misconduct committed by the fiduciary prior to repudiation of its obligation or termination of the [fiduciary] relationship" (New York State Workers' Compensation Bd. v Consolidated Risk Servs., Inc., 125 AD3d 1250, 1253 [2015] [emphasis omitted]; see Westchester Religious Inst. v Kamerman, 262 AD2d 131, 131-132 [1999]) since, absent either repudiation or removal, the aggrieved parties "were entitled to assume that the [fiduciary] would perform his [or her fiduciary] responsibilities" (Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 202 [2008]), and it is highly unlikely that a sitting fiduciary would assert a constructive trust claim against himself or herself.[FN7] Under this rule, the toll continues until a successor fiduciary is appointed (see id.). Applying this rule to the facts in this case, we find that the statute of limitations was tolled from November 16, 2009, when Kolath received letters testamentary, until her removal on March 19, 2013 and continuing until April 30, 2014, when George's letters were granted (see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d at 202), a total toll of four years, five months and 14 days.[FN8] Taking this tolling into account, the constructive trust claim asserted by petitioner on January 28, 2019 was timely and Surrogate's Court should not have dismissed it as time-barred. In light of our holding, the remaining contentions have been rendered academic or found to be without merit.
Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of the cross motions of respondents Prowin Group, LLC and Power Angels, LLC as dismissed the claim seeking a constructive trust; cross motions denied to that extent and matter remitted to the Surrogate's Court of Saratoga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Although Kolath was nominated as executor in decedent's last will and testament, she had not been issued letters testamentary at the time she cancelled the contract and purchased Llenroc on behalf of Power Angels.

Footnote 2: Kolath's five children and her brother, Siju Augustine, are the other named members of Power Angels.

Footnote 3: In June 2012, Power Angels executed a promissory note, in the amount of $1,000,000, in favor of respondent Prowin Group, LLC, secured by a mortgage on Llenroc.

Footnote 4: Petitioner filed an amended petition in February 2019.

Footnote 5: A guardian ad litem was appointed to represent decedent's children as part of the subject proceeding. She filed a report, approving the request for judicial settlement of the account but objected to the imposition of a constructive trust.

Footnote 6: Initially, we find that it was proper for Surrogate's Court to permit Prowin Group to intervene. Given Prowin Group's status as a mortgage holder, it had a distinct interest — separate and apart from that of Power Angels — with respect to whether a constructive trust should be imposed as the granting of such relief had the potential to adversely impact its security interest (see Matter of Jermain, 122 AD3d 1175, 1177 [2014]). Accordingly, it was free to assert any relevant defenses that it might have against the imposition of a constructive trust (see Elwood v Hoffman, 61 AD3d 1073, 1075-1076 [2009]; Capital Resources Co. v Prewitt, 266 AD2d 176, 177 [1999]), including a statute of limitations defense.

Footnote 7: Kolath was a fiduciary for the creditors as well as the beneficiaries (see Matter of Runals, 68 Misc 2d 967, 973 [Sur Ct, Cattaraugus County 1972]).

Footnote 8: Prowin Group and Power Angels' contention that the statute of limitations should not be tolled because the Pauloses and the Georges knew of Kolath's conduct prior to her removal is unavailing. The record contains a copy of a July 2014 petition filed by George, as successor executor, and an amended petition dated December 2014, seeking to have Llenroc turned over to the estate or, in the alternative, to have Kolath return those funds that decedent paid towards Llenroc's purchase. It is unclear on the record before us whether these petitions were ever adjudicated by Surrogate's Court. In any event, the toll was occasioned by Kolath's status as fiduciary and was not impacted by any knowledge by the Pauloses and the Georges of Kolath's alleged misconduct.