Lambos v Karabinis (2025 NY Slip Op 03367)

Lambos v Karabinis

2025 NY Slip Op 03367

Decided on June 5, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 5, 2025

CV-23-2415
[*1]William K. Lambos, Individually and as Shareholder of B.K. Associates International Inc., Appellant,
v
Anastasios P. Karabinis et al., Respondents.

Calendar Date:April 30, 2025

Before:Egan Jr., J.P., Pritzker, Ceresia, McShan and Powers, JJ.

Hinman Straub PC, Albany (James T. Potter of counsel), for appellant.
Whiteman Osterman & Hanna LLP, Albany (Marco B. Koshykar of counsel), for respondents.

Pritzker, J.
Appeal from an order of the Supreme Court (Brian Burns, J.), entered November 28, 2023 in Otsego County, which granted defendants' motion to dismiss the complaint.
B.K. Associates International, Inc. (hereinafter BK) was formed as a New York domestic business corporation in 1989 for the purpose of, among other things, engaging in the business of importing and exporting coffee and coffee products. In September 2008, plaintiff merged his own coffee distribution business into BK in exchange for 33&frac13;% of BK's shares. The existing shareholders of BK, defendants Paul Karabinis (hereinafter Karabinis) and Anastasios P. Karabinis, retained the remaining 66&frac23;% of the shares. Plaintiff was designated as vice president and elected to the board of directors. It was also agreed that he would receive a $1,500 weekly distribution for managing BK's warehouse. Between 2008 and 2015, BK engaged in a series of interest-bearing loan and repayment transactions with PK & FV Restaurant Corp. and BAK Realty, LLC, businesses in which Karabinis had financial interest. The extent of plaintiff's knowledge of these transactions is controverted by the parties.
In November 2019, BK sold its assets to a third-party purchaser for $1.5 million in an arm's length transaction signed by all shareholders of BK, including plaintiff. Defendants informed plaintiff that, after repayment of corporate debts, he would receive approximately $65,000. In July 2020, plaintiff, in writing, demanded to inspect, among other things, BK's financial records. Through various correspondence with BK's counsel in August and September 2020, BK informed plaintiff that it would allow him to inspect, among other things, minutes of shareholder meetings, records of shareholders, a select promissory note and tax return, but would not allow him to inspect financial records. Shortly thereafter, plaintiff commenced a CPLR article 78 proceeding against defendants seeking to compel BK to allow him to inspect the company's financial records (hereinafter the discovery proceeding). In March 2023, the parties to the discovery proceeding stipulated that defendants would search for relevant bank statements and contact BK's accountant for relevant financial statements beginning in 2008 and deliver any recovered records to plaintiff.
On July 19, 2023, plaintiff commenced this shareholder derivative action, both individually and as a shareholder of BK, asserting causes of action for breach of fiduciary duty and corporate waste. Plaintiff requested both monetary and injunctive relief. Defendants moved pre-answer to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and/or (7), which plaintiff opposed. Supreme Court granted the motion and dismissed the complaint with prejudice, finding that the applicable statute of limitations was three years and, as such, the action was untimely. Plaintiff appeals.
We turn first to plaintiff's contention that Supreme Court erred in granting defendants' motion to dismiss on the ground [*2]that the action is untimely. "To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired" (Grossbarth v New York State Lawyers' Fund for Client Protection, 231 AD3d 1327, 1328 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Steinberg, 183 AD3d 1067, 1070 [3d Dept 2020]). "[C]laims alleging a breach of fiduciary duty do not accrue until there is either an open repudiation of the fiduciary obligation or a judicial settlement of the account" (Matter of Baird, 58 AD3d 958, 959 [3d Dept 2009] [internal quotation marks, ellipsis and citation omitted]; see Matter of George, 194 AD3d 1290, 1293 [3d Dept 2021]). This is so because, "absent either repudiation or removal, the aggrieved part[y] [is] entitled to assume that the fiduciary would perform his or her fiduciary responsibilities" (Matter of George, 194 AD3d at 1293 [internal quotation marks, brackets and citation omitted]). "The party asserting the statute of limitations defense bears the burden of proof on the issue" (Matter of Baird, 58 AD3d at 959; see Matter of Rodken, 270 AD2d 784, 785 [3d Dept 2000]). "Open repudiation requires proof of a repudiation by the fiduciary which is clear and made known to the beneficiaries" (Matter of Steinberg, 183 AD3d at 1071 [internal quotation marks and citations omitted]). "Where there is any doubt on the record as to the conclusive applicability of a [s]tatute of [l]imitations defense, the motion to dismiss the proceeding should be denied, and the proceeding should go forward" (Matter of Behr, 191 AD2d 431, 431 [2d Dept 1993] [internal citations omitted]; see Matter of Steinberg, 183 AD3d at 1071).
Here, defendants did not proffer, or even assert, that they have openly repudiated their obligations as fiduciaries or that the relationship has otherwise terminated. To the contrary, at oral argument, defendants' attorney conceded that all fiduciary duties still exist as the corporation has not yet been dissolved. As such, plaintiff's breach of fiduciary duty claims have not yet begun to accrue (see Matter of Steinberg, 183 AD3d at 1071; Matter of Therm, Inc., 132 AD3d 1137, 1138 [3d Dept 2015]; see also New York State Workers' Compensation Bd. v Program Risk Mgt., Inc., 155 AD3d 1484, 1486 [3d Dept 2017]; New York State Workers' Compensation Bd. v Consolidated Risk Servs., Inc., 125 AD3d 1250, 1253 [3d Dept 2015]).[FN1] While defendants assert that a co-fiduciary cannot rely on open repudiation to toll the statute of limitations, this argument is not supported by our case law (see e.g. Matter of Twin Bay Vil., Inc., 153 AD3d 998, 1001 [3d Dept 2017], lv denied 31 NY3d 902 [2018]). Nor does the open repudiation rule place an affirmative burden on a plaintiff to exercise due diligence in order to benefit from this toll, unlike the discovery [*3]accrual rule in fraud cases (compare id., and Matter of Therm, Inc., 132 AD3d at 1138, with Kaufman v Cohen, 307 AD2d 113, 122-123 [1st Dept 2003], and Ghandour v Shearson Lehman Bros., 213 AD2d 304, 305-306 [1st Dept 1995], lv denied 86 NY2d 710 [1995]). Therefore, Supreme Court erred in granting that aspect of defendants' motion which was pursuant to CPLR 3211 (a) (5) and, in light of this determination, we need not address plaintiff's remaining contentions regarding dismissal based on statute of limitations.
We also find that Supreme Court erred in determining that plaintiff failed to state a cause of action. "When considering a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failing to state a cause of action, courts must afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on the plaintiff the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory" (Pierce v Archer Daniels Midland, Co., 221 AD3d 1382, 1383 [3d Dept 2023] [internal quotation marks and citations omitted]). However, "the rule that the facts alleged are presumed to be true does not apply to legal conclusions or to factual claims which are either inherently incredible or flatly contradicted by documentary evidence" (Lopes v Bain, 82 AD3d 1553, 1555 [3d Dept 2011] [internal quotation marks, brackets, ellipsis and citation omitted]; see Mesiti v Mongiello, 84 AD3d 1547, 1549 [3d Dept 2011]). Here, Supreme Court determined that plaintiff's claims in the complaint "which allege that the subject loans and transactions were concealed by defendants have been refuted by defendants' sworn testimony, which is supported by documentary evidence, that the transactions were disclosed in annual statements and tax returns. These documents were provided to plaintiff on at least [an] annual basis, and plaintiff has admitted that he did not review them." Plaintiff, in his sworn deposition from the discovery proceeding, testified that he did not receive the relevant documents and, other than their own self-serving statements, defendants did not provide documentary proof that these documents were actually sent to plaintiff. Thus, because "the proof does not unequivocally disprove the allegations . . . set forth in the complaint, we find no basis for dismissal pursuant to CPLR 3211 (a) (7)" (Lopes v Bain, 82 AD3d at 1555; see State Farm Fire & Cas. Co. v Main Bros. Oil Co., 101 AD3d 1575, 1579 [3d Dept 2012]; compare Mesiti v Mongiello, 84 AD3d at 1549-1550).[FN2]
Egan Jr., J.P., Ceresia, McShan and Powers, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion denied and matter remitted to the Supreme Court to permit defendants to serve an answer within 20 days of the date of this Court's decision.

Footnotes

Footnote 1: Given that the statute of limitations has not yet begun to accrue, it is irrelevant whether a three- or six-year statute of limitations applies (see Matter of Twin Bay Vil., Inc., 153 AD3d 998, 1000-1001 [3d Dept 2017], lv denied 31 NY3d 902 [2018]; see generally IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139-140 [2009]).

Footnote 2: As to defendants' request for dismissal pursuant to CPLR 3211 (a) (1), "[n]either affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211 (a) (1)" (Shofel v DaGrossa, 133 AD3d 649, 650 [2d Dept 2015] [internal quotation marks and citations omitted]; see generally State of N.Y. Workers' Compensation Bd. v Madden, 119 AD3d 1022, 1029 [3d Dept 2014]).